IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEMETRIUS CURTIS,

      Plaintiff,

v.

ASTRA GRADING & PIPE,

      Defendant.

CIVIL ACTION NO.
1:17-CV-3319-TWT-LTW

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

    Plaintiff Demetrius Curtis ("Plaintiff"), acting pro se, seeks leave to file this civil action in forma pauperis, without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a)(1). (Doc. 1). The affidavit of poverty indicates that Plaintiff is unable to pay the filing fee or incur the costs of these proceedings. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Plaintiff's request to proceed in forma pauperis **IS HEREBY GRANTED**. (Doc. 1). Therefore, this action shall proceed as any other civil action, and Plaintiff shall be allowed to proceed without prepayment of a filing fee.

    Because Plaintiff is proceeding without paying filing fees, however, the Court shall consider the frivolity of his Complaint pursuant to 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) provides that a federal court is required to dismiss an in forma pauperis complaint at any time if the court determines that the allegation of poverty is untrue, or

AO 72A
(Rev.8/82)

that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. Dismissal for failure to state a claim is warranted if, assuming the truth of the factual allegations of a plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford Cty., 960 F.2d 1002, 1009-10 (11th Cir. 1992). Additionally, a complaint may be dismissed if it does not must contain specific factual matter, accepted as true, to state a claim that is plausible on its face and to suggest the required elements of the claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Watts v. Florida Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)). Thus, a complaint, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

Plaintiff's Complaint is frivolous and fails to state a claim because based on the facts Plaintiff alleged in his Complaint, Plaintiff failed to timely file this lawsuit. Plaintiff contends in his Complaint that Defendant Astra Grading & Pipe discriminated against him in violation of Title VII of the Civil Rights Action of 1964, 42 U.S.C. §§ 2000e ("Title VII"), when it terminated him on the basis of his race. (Compl. ¶ 4).

Under 42 U.S.C. § 2000e-5(f)(1), a Title VII civil action must be filed in the district court within ninety days of the claimant's receipt of a right to sue notice from the EEOC. Forehand v. Fla. State Hosp. at Chattahoochee, 89 F.3d 1562, 1567 (11th Cir. 1996); see also Gant v. Jefferson Energy Co-op, 348 F. App'x 433, 434 (11th Cir. 2009). Thus, Title VII actions are untimely and may be subject to dismissal if they were not filed within the ninety-day period. Bryant v. U.S. Steel Corp., 428 F. App'x 895, 897 (11th Cir. 2011); Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1339 (11th Cir. 1999); Norris v. Fla. Dep't of Health and Rehab. Serv., 730 F.2d 682 (11th Cir. 1984). A complaint is deemed filed, for statute of limitations purposes, when it is in the actual or constructive possession of the clerk of court, not when the filing fee is paid. Rodgers on Behalf of Jones v. Bowen, 790 F.2d 1550, 1552 (11th Cir. 1986) (explaining that the payment of a filing fee is not a jurisdictional prerequisite and that a complaint is deemed filed when it is in possession of the clerk); Madison v. BP Oil Co., 928 F. Supp. 1132, 1135 (S.D. Ala. May 30, 1996). Thus, a complaint is deemed timely filed if it was presented to the court along with a petition for informa pauperis status within the limitations period, even if the petition is ultimately denied and the plaintiff pays the filing fee after the expiration of the limitations period. McGill v. Express Truck Co., 290 F. App'x 373, 373-74 (1st Cir. 2008); Rodgers, 790 F.2d at 1552; Madison, 928 F. Supp. at 1135.

In this case, Plaintiff states that he received his Notice of Right-to-Sue letter from

the Equal Employment Opportunity Commission ("EEOC") on May 17, 2017. (Compl. ¶ 11). Plaintiff, however, did not initiate this lawsuit by filing his Application to Proceed In Forma Pauperis and attaching the instant Complaint until August 31, 2017. Thus, Plaintiff filed his Complaint 106 days after he received his Notice of Right-to-Sue letter from the EEOC, which was more than two weeks after the filing deadline. Because Plaintiff's Title VII action is untimely filed, this Court **RECOMMENDS** that it be **DISMISSED**.[1] As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**SO ORDERED AND REPORTED AND RECOMMENDED** this 4 day of October, 2017.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[1] Because the Court is considering dismissal of Plaintiff's lawsuit sua sponte and Plaintiff is proceeding pro se, Plaintiff is advised that to the extent that he wishes to argue that he did timely file his lawsuit or make any other arguments opposing dismissal of his case, he has an opportunity to do so by making such arguments in timely filed objections to this Court's Report and Recommendation.